IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUADALUPE HERRERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-1309-N |
| | § | |
| MARY KAY, INC., | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

This Order addresses Defendant Mary Kay, Inc.'s ("Mary Kay") partial motion to dismiss [4] for lack of subject matter jurisdiction and for failure to state a claim and Plaintiff Guadalupe Herrera's motion [14] for leave to file her second amended complaint. For the reasons given below, the Court grants in part and denies in part Mary Kay's motion. Additionally, the Court grants Herrera's motion. Herrera shall file the proposed second amended complaint attached as an exhibit to her motion for leave by March 3, 2009.

### I. Factual and Procedural Background

Plaintiff Guadalupe Herrera is a former employee of Mary Kay, where she worked from May 1999 until Mary Kay terminated her employment in January 2008. Herrera alleges that as early as January 2005, Edwardo Villalobos, a Mary Kay employee who also acted as a supervisor, initiated a series of unwanted explicit and threatening sexual comments, propositions, and actions directed at Herrera, which continued until termination of her employment in 2008. *See* Pl.'s Proposed Second Am. Compl. at 4 ¶¶ 4–5. Herrera also

ORDER – PAGE 1

alleges that beginning in January 2006, Villalobos and another supervisor, Ana Macedo, separately harassed and engaged in overtly sexual behavior with other female employees at the workplace – some consensually and some against their will. *Id.* at 11–13 ¶¶ 27–33. Herrera alleges that she first reported the conduct to a supervisor in Spring 2005 and continued to report harassment and a hostile work environment for over two years to multiple supervisors and human resources personnel on at least eight separate occasions prior to her termination. *Id.* at 13–17 ¶¶ 36–45. Herrera recounts mixed reactions from the Mary Kay personnel who received her reports during that period.[1] Herrera alleges that the reason Mary Kay terminated her employment was retaliation for reporting harassment and a hostile work environment and because of a false report that Herrera had stated she would hire someone to harm the alleged harasser. *Id.* at 19 ¶ 52; 22 ¶ 2.

On March 19, 2008, Herrera filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On April 23, 2008, just over one month after filing her EEOC complaint, Herrera filed this suit in Texas state court. On April 28, 2008, the EEOC issued a right to sue letter, which entitled Herrera to bring claims under Title VII. She amended her original petition to add those claims and on July 31, 2008, Mary Kay properly removed the action to this Court, which has subject matter jurisdiction over Herrera's Title VII hostile work environment and retaliation claims and supplemental

---

[1] Allegedly, one Mary Kay official told Herrera that "she would look into the complaint and stop the harassment." Pl.'s Proposed Second Am. Compl. at 16 ¶ 43. But, according to Herrera, Mary Kay human resources personnel responded to Herrera's reports by calling her "a liar and a troublemaker." *See id.* at 16 ¶ 44.

ORDER – PAGE 2

jurisdiction over her state law tort claims.[2]  The Court lacks subject matter jurisdiction over Herrera's Title VII gender discrimination claim and her Texas Commission on Human Rights Act ("TCHRA") claims because she failed to exhaust administrative remedies with respect to those claims.

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER HERRERA'S GENDER DISCRIMINATION CLAIM

Mary Kay argues that the Court lacks subject matter jurisdiction over Herrera's Title VII gender discrimination claim because she failed to exhaust administrative remedies with respect to this claim.  A plaintiff must exhaust administrative remedies by filing an administrative complaint with the EEOC prior to filing a judicial claim under Title VII.  *Pacheco v. Mineta*, 448 F.3d 783, 788 n.6 (5th Cir. 2006).  Title VII's exhaustion requirement was intended "to trigger the investigatory and conciliatory procedures of the EEOC, in an attempt to achieve non-judicial resolution of employment discrimination claims."  *Id.* at 788–89.  However, "the scope of an EEOC complaint" should nonetheless "be construed liberally" because it was "not designed for the sophisticated."  *Id.* at 788 (citing *Fellows v. Universal Rest., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970)).  In light of these two competing policies, the Fifth Circuit has held that, in determining the scope of administrative

---

[2]The Court recognizes that Herrera has dropped her original state tort claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring, and intends to replace them with state tort claims for assault and battery. Accordingly, the Court denies as moot Mary Kay's motion to dismiss with respect to Herrera's tort claims only.

ORDER – PAGE 3

exhaustion, courts should look to "the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco*, 448 F.3d at 789 (quoting *Sanchez*, 431 F.2d at 466).

Mary Kay asserts that the facts stated in Herrera's EEOC complaint relate only to alleged sexual harassment and retaliation and, according to Mary Kay, do not support a claim for gender discrimination. In her EEOC complaint, Herrera stated: "I was sexually harassed over a two year period by a fellow employee. I reported it over a two year period. I was ultimately terminated for complaining." *See* Pl.'s EEOC Charge, Notice of Removal [1] at 46. Herrera also checked boxes on her EEOC complaint form indicating she based her charges on "sex" and "retaliation." *See id.*

In *Clark v. Kraft Foods, Inc.*, the Fifth Circuit held that a plaintiff's EEOC complaint, which alleged that she "was harassed because of [her] sex" and also that she "was sexually harassed" was sufficient to exhaust administrative remedies for claims of both gender discrimination and sexual harassment, thereby providing the court jurisdiction over both claims. 18 F.3d 1278, 1280–81 (5th Cir. 1994). In *Clark*, the Court held that the EEOC investigation of the plaintiff's gender discrimination claim "was a reasonable consequence of [her] EEOC complaint and supporting documentation." *Id.* at 1280. But, the court based that determination at least in part on additional information that is not before the Court in the instant case. The plaintiff in *Clark* had provided numerous statements in connection with her EEOC complaint that clearly indicated her intent to allege that the defendant had discriminated against, not just sexually harassed, her and other female employees because

ORDER – PAGE 4

of their gender. *Id.*  Additionally, the EEOC had actually investigated the plaintiff's gender discrimination charge, in addition to her sexual harassment charge.  *Id.*  Finally, the defendant in *Clark* had responded to the EEOC investigation in a manner that clearly indicated the defendant was aware that the plaintiff had charged gender discrimination in her EEOC complaint.  *Id.*

In *Moss v. MBNA Technology, Inc.*, this Court also addressed whether the scope of an EEOC complaint encompassed all of the plaintiff's Title VII claims.  *See* No. 3:03-CV-1429, 2004 WL 583565 (N.D. Tex. Mar. 24, 2004).  The Court held that it did not.  *Id.* at *1.  However, the EEOC complaint form in *Moss* was far less informative than the form in *Clark*.  The *Moss* plaintiff complained of "discriminatory failure to promote" and "harassment regarding the adjustment of her working hours."  *Id.*  She also checked boxes on the form indicating she was basing her allegations on age, race, and disability discrimination.  Def.'s Mot. to Dismiss at 8, *Moss*, No. 3:03-CV-1429.  But, aside from those check marks, her EEOC complaint suggested no basis whatsoever for her discrimination or harassment charges.  Additionally, and unlike the defendant in *Clark*, the defendant in *Moss* had no actual knowledge of the contents of the complaint or EEOC investigation until the lawsuit commenced.  *Moss*, 2004 WL 583565, at *1.

In *Hayes v. MBNA Technology, Inc.*, Judge Fitzwater analyzed *Clark*, *Moss*, and a number of other cases from courts in this circuit that have considered whether claims fall within the scope of administrative exhaustion.  *See* No. 3:03-CV-1766, 2004 WL 1283965, at *3–6 (N.D. Tex. June 9, 2004).  Based on those cases, the Court held:

> when determining whether a claim has been exhausted, the decision is to be based on the four corners of the EEOC charge, but the court may also consult related documents, such as a plaintiff's affidavit, her response to the EEOC questionnaire, and attachments to the response, when (1) the facts set out in the document are a reasonable consequence of a claim set forth in the EEOC charge, and (2) the employer had actual knowledge of the contents of the document during the course of the EEOC investigation.

*Id.* at *6. The Court qualified that test by noting that "the court must not strictly construe the charge and require the complainant to allege every instance of discrimination." *Id.* The Fifth Circuit has also long held that "procedural technicalities are not to stand in the way of Title VII complaints." *Sanchez*, 431 F.2d at 464–65 ("[A] charging party's failure to attach the correct legal conclusion to the factual allegations contained in a charge of discrimination is a mere technical defect which may be amended after the expiration of the [statutory period within which an employee must file an EEOC complaint].").

The narrative Herrera submitted on her EEOC complaint form specifically alleges sexual harassment and retaliation. Unlike *Clark*, *Moss*, and *Hayes*, the evidence before this Court does not include an EEOC questionnaire or other "supporting documentation" that might inform the Court of what charges the EEOC actually investigated or what knowledge Mary Kay had prior to this lawsuit. In light of that fact, the Court has no choice but to base its decision on the four corners of the EEOC charge alone.[3]

---

[3]Like the plaintiff in *Hayes*, Herrera did not attempt in her response to Mary Kay's motion to dismiss or in her proposed second amended complaint to demonstrate that she adequately charged gender discrimination in her EEOC charge or supporting documents. In fact, the response and proposed second amended complaint ignore this issue entirely. *See* Pl.'s Resp. [6] to Def.'s Mot. to Dismiss; Pl.'s Proposed Second Am. Compl. [14-2].

ORDER – PAGE 6

Even construing Herrera's EEOC complaint liberally, the Court holds that it has subject matter jurisdiction over only those Title VII claims based on allegations she raised in her EEOC complaint. The Court lacks subject matter jurisdiction over her gender discrimination claim because the record before the Court does not indicate that Herrera ever raised the issue of gender discrimination with the EEOC, nor could a claim of gender discrimination reasonably have been expected to grow out of her allegations of sexual harassment or retaliation.[4] It is not enough for Herrera to say, as in her proposed second amended complaint at 21 ¶ 2, that she was discriminated against "because of her sex."

Mary Kay also seeks dismissal of claims based on conduct that occurred before September 21, 2007, arguing that those claims are untimely because they are based on discrimination that occurred more than one-hundred eighty days before Herrera filed her EEOC complaint. Title VII provides a one-hundred eighty day timely filing period for EEOC complaints. 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536

---

[4]A comparison between the elements of a gender discrimination claim and the assertions in Herrera's EEOC complaint demonstrates why a gender demonstration claim could not reasonably be expected to grow out of that complaint. To establish a gender discrimination claim, a plaintiff must show that: "(1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside her protected class, or similarly situated employees outside the protected class were treated more favorably under nearly identical circumstances." *Earle v. Aramark Corp.*, 247 Fed. Appx. 519, 523 (5th Cir. 2007) (citing *Perez v. Tex. Dep't of Crim. Justice, Inst.'l Div.*, 395 F.3d 206, 213 (5th Cir. 2004); *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003)). Herrera's EEOC complaint did not suggest that she was replaced by or treated less favorably than male employees. Based on the information in her complaint, the EEOC could not have been expected to investigate a gender discrimination claim. As a result, a gender demonstration claim could not reasonably be expected to grow out of that complaint.

ORDER – PAGE 7

U.S. 101, 110 (2002). An employee must bring EEOC complaints based on discrete actions, such as wrongful termination, within one-hundred eighty days of the date of the wrongful act. *Morgan*, 536 U.S. at 110. However, charges "based on the cumulative effect of individual acts," such as hostile work environment or harassment claims, may be brought within one-hundred eighty days of "an act contributing to the claim." *Id.* at 116–17. In such cases, "[i]t does not matter, for purposes of the statute, that some of the component acts . . . fall outside the statutory time period." *Id.* at 117. The court may consider the entire time period of the hostile environment or harassment for purposes of determining liability. *Id.*

Herrera alleges that Mary Kay wrongfully terminated her employment on January 21, 2008. She filed her EEOC complaint on March 19, 2008, within one-hundred eighty days of her allegedly wrongful termination. Herrera's other Title VII claims are allegedly based on "a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Id.* (quoting 42 U.S.C. § 2000e-5(e)(1)). Because Herrera alleges contributing acts of harassment within the statutory filing period, it does not matter that "some of the component acts" of these allegations fall outside the statutory period. Accordingly, the Court has subject matter jurisdiction over Herrera's Title VII claims and denies Mary Kay's partial motion to dismiss those claims.[5]

---

[5]The Court makes this ruling on the face of the pleadings. No motion for summary judgment or summary judgment evidence is presently before the Court, therefore the Court makes no judgment as to the effect additional factual information would have on the issue of the timeliness of Herrera's EEOC complaint.

ORDER – PAGE 8

### III. THE COURT LACKS SUBJECT MATTER JURISDICTION
### OVER HERRERA'S TCHRA CLAIMS

Mary Kay also asks the Court to dismiss Herrera's TCHRA claims for failure to exhaust her administrative remedies with respect to those claims. As with Title VII claims, a plaintiff must exhaust administrative remedies before bringing judicial claims under the TCHRA. *Burgmann Seals Am., Inc. v. Cadenhead*, 135 S.W.3d 854, 857 (Tex. App. – Houston [1st Dist.] 2004, pet. denied). Exhaustion under the TCHRA requires a plaintiff to file a complaint with the Texas Commission on Human Rights ("TCHR") within one-hundred eighty days of the alleged discrimination and then wait one-hundred eighty days after filing the complaint for the TCHR to dismiss or resolve it. *Id.*; *see* TEX. LAB. CODE ANN. §§ 21.201, .202, .208, .256 (Vernon 2006). Failure to exhaust administrative remedies results in a jurisdictional bar to discrimination claims under the TCHRA. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 488 (Tex. 1991). The Fifth Circuit and Texas courts have held that exhausting administrative remedies under Title VII is not equivalent to exhausting administrative remedies under the TCHRA.[6] *See, e.g.*, *Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir. 2001); *Smith v. Univ. of Tex. Sw. Med. Ctr. of Dallas*, 101 S.W.3d 185, 188 (Tex. App. – Dallas 2003, no pet.).

---

[6]Although the entirety of Title VII and TCHRA exhaustion requirements are not identical, the Fifth Circuit has held that, pursuant to a worksharing agreement between the EEOC and the TCHR, "when a complainant files her initial charge with the EEOC, her charge will also be considered filed with the TCHR." *Vielma v. Eureka Co.*, 218 F.3d 458, 462–63 (5th Cir. 2000) (citing *Griffin v. City of Dallas*, 26 F.3d 610, 611–13 (5th Cir. 1994)) (but noting that complainant indicated on the form that he intended both agencies to receive the complaint)).

ORDER – PAGE 9

Evidence before the Court does not clearly indicate whether Herrera filed a complaint with the TCHR in conjunction with or independently of filing her EEOC complaint. However, Mary Kay does not seem to dispute that Herrera filed a complaint with the appropriate state agency on March 19, 2008. Instead, Mary Kay argues that Herrera failed to exhaust administrative remedies under the TCHRA because she did not wait the requisite one-hundred eighty days after filing an administrative complaint before pursuing a judicial remedy. As the Fifth Circuit noted in *Vielma v. Eureka Co.*, receipt of a right to sue letter from the EEOC does not substitute for a right to sue letter or entitlement to a right to sue letter from the TCHR. 218 F.3d 458, 464 (5th Cir. 2000). The Fifth Circuit has strictly construed exhaustion requirements like the one found in the TCHRA. *See Tolbert v. United States*, 916 F.2d 245, 249 (5th Cir. 1990) (dismissing former postal employee's Title VII claim because she filed her complaint sooner than one-hundred eighty days after appealing to the EEOC, despite fact that the EEOC issued a final decision while her complaint was pending before the court); *see also Otokunrin v. MBNA Tech., Inc.*, No. 3:03-CV-1509, 2004 WL 833599, at *3–4 (N.D. Tex. Apr. 16, 2004) (holding plaintiff had exhausted administrative remedies with respect to Title VII, but not TCHRA). Just as time alone cannot cure the defect of early filing a Title VII claim, allowing a plaintiff to file a TCHRA claim and begin a civil proceeding "before completing the course of administrative review" would allow the plaintiff to "largely circumvent the rule that she must exhaust her administrative remedies." *See Tolbert*, 916 F.2d at 249. Because Herrera failed to exhaust her administrative remedies under the TCHRA before filing this action, the Court lacks subject

ORDER – PAGE 10

matter jurisdiction over her TCHRA claims. Accordingly, the Court dismisses those claims without prejudice.

### IV. HERRERA HAS STATED A CLAIM UNDER TITLE VII

Mary Kay argues that Herrera failed to state a claim under Title VII for hostile work environment or retaliation. Viewing the pleadings in the light most favorable to Herrera, she has provided enough facts to support a plausible claim on each of these issues.

#### A. *Standard for Rule 12(b)(6) Motion to Dismiss*

When faced with a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). According to the Supreme Court, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face," i.e., "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). In ruling on a Rule 12(b)(6) motion, the court must limit its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

ORDER – PAGE 11

### *B. Herrera States Title VII Hostile Work Environment and Retaliation Claims*

The Court denies Mary Kay's motion to dismiss Herrera's hostile work environment and retaliation claims because Herrera has asserted sufficient factual allegations to raise a right to relief above the speculative level.

To establish a sexual harassment-based hostile work environment claim under Title VII, a plaintiff must demonstrate that "(1) the employee belonged to a protected class; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a 'term, condition, or privilege' of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action." *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 298 (5th Cir. 2001). For purposes of this motion to dismiss, Mary Kay does not dispute the first three elements of this claim. Herrera has provided enough facts regarding the last two elements to raise a right to relief above the speculative level.

Harassment is so severe or pervasive that it affects a term, condition, or privilege of employment when it creates an environment "that a reasonable person would find hostile or abusive." *Id.* at 299. A court should consider the totality of circumstances, including the frequency, severity, physical threat or humiliation, and unreasonable interference of the offensive conduct to determine whether a reasonable person would find it hostile and abusive. *Id.* While Herrera alleges that, at least initially, she ignored unwanted explicit and threatening behavior at work, she also alleges facts that indicate such conduct adversely and unreasonably interfered with her work, resulting, for example, in her being suspended for

encouraging a co-worker to report harassment. Pl.'s Proposed Second Am. Compl. at 4 ¶ 4; 15 ¶ 41; 17 ¶¶ 46–47. Viewing Herrera's allegations in the light most favorable to her, a reasonable person in Herrera's position could find the conduct she alleges was hostile and abusive. As a result, the alleged conduct is sufficient to raise Herrera's right to relief on this element of her hostile work environment claim above the speculative level.

Additionally, viewing Herrera's allegations in the light most favorable to her, Mary Kay knew or should have known of the harassment and failed to take prompt remedial action. As explained above, Herrera alleges that she repeatedly reported harassment to multiple persons at Mary Kay, over an extended period of time. The pleadings do not indicate that Mary Kay took any remedial action in response to Herrera's reports. As a result, the alleged conduct is sufficient to raise Herrera's right to relief on the final element of her hostile work environment claim above the speculative level.

To establish a prima facie employment retaliation claim under Title VII, a plaintiff must demonstrate that (1) she "participated in an activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). Mary Kay does not dispute the first two elements of Herrera's retaliation claim. However, Mary Kay argues that Herrera failed to state a retaliation claim because she did not plead a causal connection between the protected activity (reporting alleged sexual harassment) and the adverse employment action (suspension and termination of Herrera's employment). Causation is difficult to prove and

highly fact specific, particularly in Title VII cases, where "[e]mployers rarely leave concrete evidence of their retaliatory purposes and motives." *Nowlin v. Resln. Trust Corp.*, 33 F.3d 498, 508 (5th Cir. 1994). But, "the 'causal link' required in prong three of the prima facie case for retaliation is not as stringent as the 'but for' standard." *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996)). In fact, "'[c]lose timing between an employee's protected activity and an adverse action against [her] may provide the "causal connection" required to make out a prima facie case of retaliation.'" *Id.* (quoting *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) (also noting that "'a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes'") (quoting *Weeks v. NationsBank, N.A.*, No. 3:98-CV-1352, 2000 WL 341257, at *3 (N.D. Tex. Mar. 30, 2000))); *see also LeMaire v. La. Dept. of Transp. & Dev.*, 480 F.3d 383, 390 (5th Cir. 2007) (finding evidence of a causal connection based in part on the timing of plaintiff's suspension two weeks after he reported harassment); *Nowlin*, 33 F.3d at 508 (asking the district court to develop and analyze the facts, including the temporal relationship between employee's conduct and discharge to determine causation in a Title VII retaliation claim). Regardless of the precise words Herrera used in her petition, she has stated a prima facie claim for retaliation by pointing to indicia of a causal connection between her protected activity and Mary Kay's adverse employment actions, including close temporal proximity between the two. Herrera alleges that on one occasion, she was issued a written reprimand "for reporting what she believed to [be] sexually inappropriate behavior in the workplace." *See* Pl.'s

ORDER – PAGE 14

Proposed Second Am. Compl. 17 at ¶ 45.  She alleges that "after" another report, her employment was temporarily suspended, she was told "she should keep her mouth shut," and that within a week of her last report, her employment was terminated.  *See id.* at 17 ¶¶ 46–47; 18–19 ¶¶ 51–52.  Taken together, these factual allegations as to the causation element of Herrera's retaliation claim raise a right to relief above the speculative level.

## CONCLUSION

Accordingly, for the reasons explained above, the Court denies Mary Kay's partial motion to dismiss with respect to Herrera's Title VII hostile work environment and retaliation claims, grants its motion with respect to her Title VII gender discrimination claim and TCHRA claims, and recognizes that its motion is moot with respect to her state law tort claims.

Signed February 26, 2009.

_____
David C. Godbey
United States District Judge